US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 16 2022

JAMIE GIANI, Clerk

By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

BRANDY JEFFREY                                                  PLAINTIFF

V.                                  NO. 2:22-2192

LIFE INSURANCE COMPANY                                DEFENDANT
OF NORTH AMERICA

**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS**

Comes now the Plaintiff, Brandy Jeffrey, by and through her attorney, Marcus Vaden, P.A., and for her complaint against the Defendant, Life Insurance Company of North America, states:

**JURISDICTION AND VENUE ALLEGATIONS**

1. This action is brought under 29 U.S.C. §1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C.§1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefits plan, all under 29 U.S.C. §1132(a). Plaintiff also seeks attorneys' fees and costs.

2. Plaintiff, Brandy Jeffrey is a resident of Mansfield, Arkansas. She is the sole beneficiary of David L. Jeffrey, who is a participant in the Rheem Manufacturing Company Accidental Death and Disability Plan.

3. Plaintiff asserts that Rheem Manufacturing Company is a corporation with its principal place of business in the State of Georgia, authorized to transact and transacting business in the Western District of Arkansas and can be found in the Western District of Arkansas. Rheem

Manufacturing Company established the Rheem Manufacturing Company Death and Disability Plan, which specifically provides for accidental death and dismemberment insurance ("AD & D Plan") on behalf of its eligible employees and their eligible dependents, which included Brandy Jeffrey, the wife of David Jeffrey.

4. Plaintiff asserts that Defendant, Life Insurance Company of North America (hereinafter "LINA") is authorized to transact and is transacting business in the Western District of Arkansas and can be found in the Western District of Arkansas. LINA is the insurer of benefits under the AD & D Plan, also known as the Rheem Manufacturing Company Policy OK 968572. Plaintiff is informed and believes that LINA was responsible, in whole or in part, for enrollment, and other administration of the AD & D Plan, and acted in the capacity of claims administrator for the AD & D Plan.

5. Since Defendant transacts business and can be found in this judicial district, venue is proper in this judicial district pursuant to 29 U.S.C.§1132(e)(2).

## FACTS

6. At all times relevant, David L. Jeffrey was employed by Rheem Manufacturing Company. As a benefit of his employment, David Jeffrey was afforded Accidental Death Coverage under the AD & D Plan pursuant to LINA Policy No. OK 968572 (the "Policy"). Brandy Jeffrey, as wife of David L. Jeffrey, was the named beneficiary of the AD & D coverage on the life of David L. Jeffrey.

7. On December 29, 2019, David L. Jeffrey died as a result of an automobile accident. His car went of the road and crashed into trees. David L. Jeffrey died as a result of his injuries sustained in the crash.

8. Plaintiff submitted the necessary claim forms seeking benefits. Defendant approved Plaintiff's benefits claim on February 3, 2020. Without explanation, Defendant backtracked on approval of benefits and placed Plaintiff's claim "under review".

9. On March 9, 2020, LINA denied the Accidental Death Benefit Claim on the basis that David L. Jeffrey's death was by disease, sickness or bodily infirmity and therefore was not caused by a Covered Accident.

10. After the denial of the claim, on April 23, 2020, Plaintiff timely appealed the denial of the benefit claim. On June 18, 2020, LINA affirmed its prior denial of the claim.

11. On September 27, 2021, Defendant granted Plaintiff a second appeal to present new evidence that Defendant had not previously considered and Plaintiff presented a new witness statement about the cause of David L. Jeffrey's car crash. Defendant denied Plaintiff a second appeal because it did not deem the witness statement new evidence even though the statement was not in Defendant's file and never considered by Defendant as evidence.

## **CLAIM FOR RELIEF AGAINST DEFENDANT LINA FOR ERISA BENEFITS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS**

12. Plaintiff incorporates by reference all proceeding paragraphs as though fully set out herein.

13. The denial of Plaintiff's claim for life insurance benefits was improper, in that David L. Jeffrey's death was an accident as that term is defined by the subject life insurance policy and was not the result of any excluded cause.

14. As a result of LINA's denial of benefits, Plaintiff has been denied the full value of the life insurance proceeds and has been damaged in the amount of the unpaid accidental death benefit proceeds in an amount exceeding $75,000.00, plus interest, the actual amount of which will be proven at trial.

15. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C §1132(a)(1)(b).

16. As a further direct and proximate result of LINA's conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to have such fees and costs paid by the Defendant.

17. Following the denial of benefits under the AD & D Plan and Policy, Plaintiff exhausted all administrative remedies required under ERISA. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the AD & D Plan and Policy.

WHEREFORE, Plaintiff prays for relief against Defendant as follows;

1. Payment of life insurance proceeds due Plaintiff in the full amount allowed in the Policy;

2. Enforcement of Plaintiff's rights under the terms of the AD & D Plan and Policy;

3. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. For payment of pre-judgment and post-judgment interest as allowed for under ERISA;

5. For all other just and proper relief as this Court deems just and proper

Respectfully Submitted,

*/s/ Marcus Vaden*

Marcus Vaden
Arkansas Bar No. 89126
P.O. Box 203
Conway, AR 72033
(501) 329-8723
mvaden@marcusvaden.com

ATTORNEY FOR BRANDY
JEFFREY, PLAINTIFF